IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID M. SHIPP,

    Plaintiff,

v.                                             Civil Action No. PX-17-3365

ERIC HARGAN,
ACTING SECRETARY OF
HEALTH AND HUMAN SERVICES

    Defendant.

******

**MEMORANDUM OPINION**

Pending before the Court is Defendant Eric Hargan, Acting Secretary of the Department of Health and Human Service's motion to dismiss the Complaint or, in the alternative, for summary judgment. ECF No. 16. Plaintiff David Shipp ("Shipp") opposes the motion. ECF No. 19. Shipp has also requested leave to amend his Complaint. ECF No. 15. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons discussed below, Defendant's motion is GRANTED as to the claims which were not administratively exhausted. Shipp's motion to amend is also GRANTED. Shipp is forewarned that any Amended Complaint must state only those claims for which he has exhausted administrative remedies and must conform to the Rules as discussed below or risk future dismissal with prejudice.

    **I.**      **Background**

A trained chemist, Shipp applied for the position of GS-09 Chemist with the Food and Drug Administration ("FDA") in the end of 2010. ECF No. 16-2 at 24. On January 20, 2011, Shipp learned that he was not selected among the "best qualified" of candidates. *Id.* Shipp timely filed a formal charge of discrimination with the Equal Employment Opportunity

1

Commission ("EEOC"). *Id.* at 20. In it, Shipp details the grounds for which he believes he was not selected for the position:

> I applied to Job Announcement Number: HHS FDA-2011-0030 during the vacancy announcement period between 12/10/2010 and 12/17/2010. My non-selection took place on 1/20/2011; days earlier, I was ruled ineligible for the position with the pretextual basis that all of my required documents were not included with the application package, even though my package was full and complete; perhaps, because the discrepancy was corrected, my non-selection than [sic] took place. The basis for my claim that racial discrimination was the true reason is: I am a member of a protected class. I was similarly situated to others outside my protected class, namely, the candidates placed on the certification list of best qualified candidates for review by the selecting official(s), and one or more candidates were treated more favorably than me, insofar as the agency and OPM considered those candidates to be better qualified than me for this chemist position, even though I met and exceeded all of the basic eligibility requirements for the GS-09 Chemist position, having previously occupied the position of chemist with the FDA at the GS-12/02 level, following previous federal service of 4 years and 11 months where I received yearly promotions, starting at the GS-07 level . . . .

*Id.* at 24.

The formal charge also references "retaliation" for prior protected EEO activity "and [a Merit Systems Protection Board] appeal which was still active at the time of the non-selection in the form of a pending Petition to Reopen and is currently active . . . ." *Id.* The formal charge concludes, "I want [sic] challenge my non-selection to vacancy announcement 385227, 392978, 402757, 394191, and Job Announcement Number. HHS-FDA-01-2011-0021." *Id.*

In July 2012, the EEOC Administrative Law Judge issued an Order of Dismissal and instructed the Agency to issue a Final Agency Decision ("FAD"). *Id.* ECF No. 16-2 at 6. Health and Human Services ("HHS") issued a FAD in December 2014. *Id.* Shipp timely appealed the FAD to the EEOC Office of Federal Operations ("OFO"). *Id.* On April 5, 2017, the OFO upheld the FAD. *Id.* Plaintiff then timely sought reconsideration of the FAD. *Id.* On

August 8, 2017, the OFO denied reconsideration and upheld its prior decision. *Id.* Shipp then timely filed the Complaint in this Court. *See* ECF No. 1.

The Complaint is undoubtedly dense, rich with detail and not altogether easy to follow. Much of the factual allegations appear unrelated to the FDA's 2011 decision to not hire Shipp. As Defendant rightfully points out, the Complaint spills much ink discussing earlier discrimination claims that Shipp pursued in 2006 (hereafter "the 2006 case"), which not only resulted in a settlement agreement executed in 2007 but in subsequent litigation which has been fully adjudicated by other courts. *Compare* ECF No. 1 ¶¶ 40-51 and at 21-22, *with Shipp v. Leavitt*, No. 2:08-CV-1460RAJ, 2009 WL 10695708 (W.D. Wash. Mar. 2, 2009), *aff'd sub nom. Shipp v. Sebelius*, 369 F. App'x 861 (9th Cir. 2010); *Shipp v. Dep't of Health & Human Servs.*, 498 F. App'x 975, 978 (Fed. Cir. 2012).

Shipp has also sought to amend the Complaint, adding greater confusion to this case. ECF No. 8. The Court denied Shipp's previous proposed amendment because it failed to conform with the Federal Rules of Civil Procedure and this Court's local rules, to include filing a redlined version of the proposed Amended Complaint so that the Court may evaluate the proposed amended materials. ECF No. 11. Shipp responded with a pleading, fifty-three pages in length, asserting that "to the best of his ability as a non-lawyer," Shipp has attempted again to amend the Complaint. ECF No. 15 at 2. Yet again, the proposed "amendment" does not conform with the rules and is even more inscrutable than the original Complaint. Specifically, the proposed amendment includes greater detail about Shipp's 2006 case and does not clearly set forth the grounds for challenging the FDA's 2011 failure to hire him. *Id*. For purposes of Defendant's motion, therefore, the original Complaint (ECF No. 1) remains the operative Complaint.

Defendant moves to dismiss for lack of jurisdiction, contending that Shipp only challenges the 2006 matter, the substance of which Shipp did not administratively exhaust in his formal charge to the EEOC. ECF No. 16. Defendant fails to address, however, the merits of the formal charge which Shipp did exhaust – Shipp's non-selection in 2011. Accordingly, as more fully discussed below, unexhausted claims must be dismissed while also providing Shipp one final opportunity to seek resolution of his exhausted claims on the merits.

**II.     Standard of Review**

Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, *et al.*, Moore's Federal Practice § 12.30[1] (3d ed. 1998)). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). At the motion to dismiss stage, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court may consider evidence beyond the four corners of the Complaint to resolve matters of jurisdiction. *Chang Lim v. Azar*, 310 F. Supp. 3d 588, 598 (D. Md. 2018), *citing Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

**III.    Analysis**

**A.  Failure to Exhaust**

Defendant singularly argues that the Complaint must be dismissed because Shipp never included the 2006 matter in his formal charge to the EEOC. ECF No. 16. Defendant focuses on

the Complaint's "prayer for relief," noting that Shipp seeks remedies aimed at relitigating the 2006 case. Because Shipp's formal charge concerned the 2011 FDA non-selection, and not the 2006 case, dismissal of the Complaint allegations seeking renewed relief for the 2006 case is warranted.

A necessary pre-requisite to bringing suit under Title VII is filing a formal charge of discrimination before the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Importantly, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).

The Court has carefully examined Shipp's formal charge to the EEOC and finds that the only preserved claim concerns the FDA's failure to hire Shipp in January 2011. In the formal charge, Shipp contends that the FDA's decision not to hire him for the GS-09 Chemist position was motivated by discriminatory animus. ECF No. 16-2 at 24. Although Shipp also avers that he was not hired in retaliation for "prior EEO activity," he offers little detail in the formal charge regarding what precise activity forms the basis for such retaliation. More to the point, even if Shipp's claimed prior EEO activity is related to the 2006 case, this does not allow Shipp to relitigate the 2006 case anew.[1] The Complaint allegations related to the 2006 events are dismissed for failure to exhaust administrative remedies.

---

[1] For example, in this case, Shipp cannot seek "reinstatement to the Pacific Regional Laboratory Northwest as a GS-12/01 chemist, in light of the March 31, 2006 EEO settlement agreement," or "back pay from the date of judgment retroactive to November 24, 2006 at the rate of that of a GS-12/01 chemist," none of which is preserved in the 2011 formal charge. *Compare* ECF No. 1 at 21, *with* ECF No. 16-2 at 24.

At this juncture, the Court will not dismiss the Complaint outright. Although Defendant claims that the Complaint seeks relief related only to the 2006 case, the Complaint also appears to challenge the EEOC's adverse determination arising from Shipp's non-selection in 2011. To be sure, the Complaint is less than a model of clarity. However, it does discuss Shipp's non-selection, and notes the basis for the civil suit is to challenge the EEOC's final determination. ECF No. 1 ¶¶ 8-15. Defendant does not challenge this Court's jurisdiction arising from the 2011 claim. Accordingly, the Court will not dismiss a pro se complaint without first attempting resolution on the merits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a pro se complaint is to be "liberally construed"); *United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (noting "the Fourth Circuit's strong preference for resolving cases on their merits"). The Court will allow Shipp one final opportunity to amend the Complaint, consistent with this Court's opinion, the Federal Rules of Civil Procedure and the Local Rules of this Court.

### B. Amending the Complaint

In amending the Complaint, Shipp must follow Rule 8 of the Federal Rules of Civil Procedure. The Amended Complaint "**must**** contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). In this respect, the Amended Complaint must focus on the only claim for which this Court retains jurisdiction—the FDA's refusal to hire Shipp for the GS-09 Chemist position in 2011. Additionally, the Amended Complaint must include a demand for relief sought that is **related** to the FDA's failure to hire Shipp. Fed. R. Civ. P. 8(a)(3). The Court will **not** entertain any demand for relief that attempts to relitigate the 2006 case and subsequent settlement agreement in any way.

6

Shipp may wish to consult "Complaint in a Civil Action," found on the Court's website. It outlines the information essential to include in the proposed Amended Complaint. *See* Self-Represented Forms, United States District Court for the District of Maryland, http://www.mdd.uscourts.gov/forms/all-forms/self_rep (last visited Jan. 23, 2019). Shipp may also wish to review Filing Without an Attorney at http://www.mdd.uscourts.gov/filing-without-attorney (last visited Jan. 23, 2019). Shipp is granted 28 days to file a new proposed Amended Complaint in both clean and redline format. *See* D. Md. Loc. R. 103.6 (b). The Defendant will then be given 14 days to answer or otherwise respond to the Amended Complaint. If Defendant moves once again for dismissal, the Court urges Defendant to address whether the Amended Complaint sufficiently states a claim with regard to the 2011 FDA non-selection of Shipp for the GS-09 Chemist position.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED as to the claims which were not administratively exhausted. Shipp's Motion to amend the Complaint is also granted, allowing Ship one final opportunity to amend the Complaint consistent with this opinion and the applicable rules or risk dismissal with prejudice. A separate Order follows.

1/24/2019_____  
Date

_____/S/_____  
Paula Xinis  
United States District Judge