# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. SHIPP, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:17-cv-03365-PX |
| ERIC HARGAN, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is pro se Plaintiff David Shipp's motion for appointment of counsel and for extension of time. *See* ECF No. 26. 42 U.S.C. § 2000e-5(f)(1) provides the avenue for appointment of counsel in a Title VII case under "such circumstances as the court may deem just." *Id.* Whether a civil case warrants the appointment of counsel depends on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). When an unrepresented litigant maintains a "colorable claim but lacks the capacity to present it," the Court should appoint counsel. *See Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). In making this determination, the Court should consider the plaintiff's financial ability to retain an attorney, the efforts of the plaintiff to retain counsel, and the merits of the case. *Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012). No absolute right to appointment of counsel exists for an indigent claimant; he must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).

Shipp states that his case "could be served precisely by an attorney's expertise at discovery" (ECF No. 26 at 17), but he does not explain any steps he has taken to retain counsel nor does he present evidence of his efforts. Moreover, the issues pending before the Court are

not unduly complicated and Shipp has submitted numerous pro se filings that demonstrate his capacity to pursue his claims. *See Stokes v. Matteo*, No. RDB-11-3398, 2012 WL 5879131, at *3 (D. Md. Nov. 20, 2012) (denying appointment of counsel where plaintiff "has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so"). Therefore, no exceptional circumstances exist that warrant the appointment of an attorney to represent Shipp pursuant to § 2000e-5(f)(1).

Shipp further asks the Court to "suspend or extend deadlines" in this case, noting that he had been ill from January 18 to February 12, 2019. ECF No. 26 at 19. On January 24, 2019, the Court granted Shipp 28 days to submit an Amended Complaint in conformity with the Court's Memorandum Opinion filed that same date. ECF No. 24 ¶ 3. Thus, the only pending deadline at the time of Shipp's requested extension was the filing of an Amended Complaint by February 21, 2019. On February 21, 2019, Shipp filed several pleadings totaling over 40 pages. Accordingly, the Court denies the request for an extension as articulated in this motion.

Based on the foregoing, it is this 3rd day of September 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff David M. Shipp's Motion for Appointment of Counsel and Extension of Time (ECF No. 26) BE, and the same hereby IS, DENIED; and
2. The Clerk shall MAIL copies of this Memorandum Opinion and Order to Plaintiff and counsel for Defendant.

| 9/3/2019 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

2